1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                   EASTERN DISTRICT OF CALIFORNIA

7

8    Michael McCune,                    No.  2:14-cv-00214-GEB-EFB

9              Plaintiff,

10        v.                            **ORDER RE: SETTLEMENT AND**
                                        **DISPOSITION**
11   PRB MANAGEMENT, LLC dba
     TACO BELL #000480; KIN CHEW,
12   TRUSTEE of the KIN CHEW and
     FANNY CHEW FAMILY TRUST;
13   FANNY CHEW, TRUSTEE of the
     KIN CHEW and FANNY CHEW
14   FAMILY TRUST; MARCEL
     CHIANG, TRUSTEE of the
15   MARCEL CHIANG and EVA
     CHIANG FAMILY TRUST,
16
               Defendants.
17

18

19        Plaintiff filed a "Notice of Settlement" on March 25,

20   2014, in which he states, "the aforementioned matter . . . has

21   been resolved. The parties anticipate filing a Stipulation for

22   Dismissal within eight weeks." (Notice of Settlement, ECF No. 6.)

23        Therefore, a dispositional document shall be filed no

24   later than May 20, 2014. Failure to respond by this deadline may

25   be construed as consent to dismissal of this action without

26   prejudice, and a dismissal order could be filed.  See E.D. Cal.

27   R. 160(b) ("A failure to file dispositional papers on the date

28   prescribed by the Court may be grounds for sanctions.").

                                   1

1          Further, the Status Conference scheduled for hearing on

2  April 28, 2014, is continued to commence at 9:00 a.m. on June 23,

3  2014, in the event no dispositional document is filed, or if this

4  action is not otherwise dismissed.[1]   A joint status report shall

5  be filed fourteen (14) days prior to the status conference.

6          IT IS SO ORDERED.

7  Dated:  March 27, 2014

8

9                                    _____

10                                   GARLAND E. BURRELL, JR.
                                     Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [1]    The status conference will remain on calendar, because the mere
27  representation that a case has been settled does not justify vacating a
    scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)
28  (indicating that a representation that claims have been settled does not
    necessarily establish the existence of a binding settlement agreement).

2